The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| R.W. and R.J.T., husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, dba Liberty Mutual<br><br>Defendant. | NO. CV 16-465 RAJ<br><br>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE BREACH OF CONTRACT<br><br>Note on Motion Calendar:<br>June 3, 2016 |

Plaintiffs bring the following motion. They also ask that the Court use their initials in all orders issued in this matter because Plaintiffs have been victims of a stalker in prior years. Federal district court orders often become available on the Internet through a variety of sources. Plaintiffs wish to protect the privacy of their identities and their address.

## I. RELIEF REQUESTED

Plaintiffs respectfully request that the Court find, as a matter of law, that Liberty Mutual breached the contract when it agreed there was coverage for a dishwasher leak but denied coverage for all mold caused by the leak in excess of $5,000, which is contrary to Washington's "efficient proximate cause" rule of insurance contract interpretation.

## II. INTRODUCTION

Plaintiffs are homeowners who suffered a dishwasher leak that was covered under the

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 1

NO. CV 16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

insurance contract for up to $429,500 in damage. They immediately notified their insurer, Liberty Mutual, who sent a mitigation contractor called Rainbow International to clean up the water, dry out the house, and prevent mold growth. Unfortunately, Rainbow International was unable to prevent mold growth and mold spores were spread throughout the house via the HVAC system. It was estimated that cleaning the mold damage would cost approximately $49,929. While appliance leaks were covered under the contract, other provisions of the contract excluded mold damage. Another provision allowed limited mold coverage in an amount not to exceed $5,000. On that basis, Liberty Mutual denied coverage for all mold damage in excess of $5,000.

Liberty Mutual's decision violated Washington's efficient proximate cause rule. That rule provides that when a covered cause of loss sets in motion another loss in an unbroken chain of events, both losses are covered even if the final cause would otherwise be excluded from coverage. Liberty Mutual circumvented the efficient proximate cause rule by excluding mold and placing a $5,000 cap on mold damage, but Washington courts have ruled that an insurance contract may not circumvent the efficient proximate cause rule. The interpretation of insurance contracts is a question of law, which courts may resolve through summary judgment.

### III. FACTS

On March 9, 2014, Plaintiffs' residence had a dishwasher leak that flooded underneath their kitchen floor and went into their basement. (Declaration of R.W. at ¶ 3.) Plaintiffs promptly notified Liberty Mutual of the leak. (R.W. Decl. ¶ 4.) Plaintiffs had an insurance contract with Liberty Mutual and it is undisputed that water damage caused by a leaking appliance, such as the dishwasher, was covered. The contract language stated:

> COVERAGE A - DWELLING and
> COVERAGE B - OTHER STRUCTURES
> We insure against risks of direct loss to property described in Coverages A and B only if that loss is a physical loss to property[.]

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 2

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

(Declaration of Joel Hanson, Exhibit A, at page 6 of 20.) This broad provision established that all possible sources of physical damage were covered unless they were explicitly excluded. This form of insurance contract is commonly referred to as an 'all risk' policy.[1] Nowhere does the insurance contract exclude sudden water leaks.[2] Further, the contract clarified that household appliance leaks were covered:

> If any of these cause water damage not otherwise excluded from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or <u>household appliance</u>, we cover loss caused by the water including the cost of tearing out and replacing any part of a building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which this water escaped.

(Hanson Decl. Ex. A, at page 7 of 20.) (Emphasis added.) Liberty Mutual agreed the water damage caused by the dishwasher leak was covered. (R.W. Declaration ¶ 5.) On June 20, 2014, Liberty Mutual employee Charles Blackburn double-checked the contract and confirmed that "Coverage for sudden and accidental water damage due to failure of dishwasher is covered under the policy." (Hanson Decl. Ex. B.)

The water damage caused by the dishwasher leak was extensive. Liberty Mutual ultimately paid approximately $68,672 to Plaintiffs for the cost of repairing structure damage caused by the water. (Hanson Decl. Ex. C.)

---

[1] "'All Risk' insurance is a promise to pay upon the fortuitous and extraneous happening of loss or damage from any cause whatsoever unless that cause is specifically excluded. Under an all risk policy, any risk that is not specifically excluded is an insured peril." *Frank Coluccio Const. Co. v. King Cty.*, 136 Wn. App. 751, 767, 150 P.3d 1147, 1155 (2007) (citations omitted).

[2] The contract does contain an exclusion for hidden water seepage that occurs over the course of "weeks, months, or years", but that exclusion does not apply here because the dishwasher leak was sudden and discovered immediately.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 3

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

In addition to the direct water damage, mold began to grow within 48-72 hours of the dishwasher leak. (*See* Hanson Decl. Ex. D at page 12.) (*See also* R.W. Decl. ¶ 8-9.) This is a typical problem with water damage to a home. (*See* Hanson Decl. Ex. D at page 6.) Liberty Mutual sent Rainbow International to dry-out the water and mitigate the damage. (R.W. Decl. ¶ 6.) Plaintiffs were frustrated with Liberty Mutual's and Rainbow International's handling of the mold damage.[3] (R.W. Decl, ¶ 6-19.)

The mold spread throughout the house and needed extensive remediation. (R.W. Decl. ¶ 8-19.) (*See also* Hanson Decl. Ex. D.) Liberty Mutual estimated that remediating the mold damage would cost $4,252 for the laundry room and $38,326 for other rooms in the house. (Hanson Decl. Ex. C.) Later, Plaintiffs' contractor, Ted Sitterley of Belfor, estimated the mold damage would cost $49,929 to remediate. (Hanson Decl. Ex. E at page 20.) This was well within the insurance contract's limit of $429,500 for structure damage. (Hanson Decl. Ex. A at Policy Declarations page.)

On January 19, 2015, about ten months after the dishwasher leak, Liberty Mutual sent a letter stating that it would not pay any more than $5,000 towards the cost of remediating the mold damage. (Hanson Decl. Ex. C.) Liberty Mutual explained:

> Unfortunately, we are unable to pay for all the covered mold remediation due to the limits of the policy.

(Hanson Decl. Ex. C.) The subject insurance contained an exclusion for mold. The contract stated:

---

[3] For the purpose of this motion, Plaintiffs are not asking the Court to assign blame for any failure to prevent the mold damage. Instead, Plaintiffs are asking the Court to find that the mold damage was fully covered because it was proximately caused by the covered dishwasher leak.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 4

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

> We insure against risks of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:
>
> ...
>
> 2. caused by:
>
> ...
>
> (3) smog, rust, mold, wet or dry rot;

(Hanson Decl. Ex. A at page 6-7 of 20) Despite this exclusion, the contract provided some minimal coverage for mold. The insurance contract had an "endorsement" (i.e. amendment) which allowed coverage of $5,000 for mold damage. (Hanson Decl. Ex. A at "Amendatory Mold . . . Endorsement".) That endorsement also included an additional exclusion for mold:

> 12. Except as provided by Additional Coverage 9., loss consisting of or caused by "Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus" is excluded, even if resulting from a peril insured against under Section I. We do not cover "Remediation" of "Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus," even if resulting from a peril insured against under Section I, except as provided by Additional Coverage 9.

(Hanson Decl. Ex. A at "Amendatory Mold . . . Endorsement".)

There is evidence that the spread of mold was exacerbated by the actions of Rainbow International during its efforts to remediate that damage. (R.W. Decl ¶ 8-19.) Liberty Mutual did not deny coverage for any negligent acts by Rainbow International. (R.W. Decl. ¶ 7 and 15.) For example, Liberty Mutual agreed to pay for a door that Rainbow International accidentally broke. (R.W. Decl. ¶ 7.) The failure or negligence of a vendor conducting remediation was covered by

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 5

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

the subject contract because it resulted in a "physical loss".[4] Nevertheless, Liberty Mutual refused to pay more than $5,000 for any mold damage arising from the dishwasher leak.

As argued below, it is Plaintiffs' position that the mold exclusion and $5,000 limit is unenforceable because it is an attempt to circumvent Washington's "efficient proximate cause" rule. Accordingly, the full $429,500 limit should have been applied to the mold damage and it breached the contract when Liberty Mutual capped the payment for mold remediation at $5,000.

After Liberty Mutual refused to pay for the cost of remediating the mold damage, Plaintiffs were unable to move back into their house. (R.W. Decl. ¶ 19.) The empty house attracted transients who stole items and lived inside. (*Id.* at ¶ 20.) The transients caused a fire and a new dispute arose over whether Liberty Mutual would authorize the cost of repairing the fire damage and the continued damage caused by returning transients. (*Id.* at ¶ 20-22.) Preliminary estimates indicate that repairing the fire damage will cost well in excess of $200,000. (Hanson Decl. Ex. F.)

## IV. ARGUMENT

### A. Standard for Summary Judgment on Insurance Contracts

A party is entitled to summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view the evidence and draw reasonable inferences from the evidence in the light most favorable to nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). To avoid summary judgment, the

---

[4] "We insure against risks of direct loss to property described in Coverages A and B only if that loss is a physical loss to property". (Hanson Decl. Ex. A at page 6 of 20.)

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 6

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Washington law provides that interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.,* 145 Wn.2d 417, 424, 38 P.3d 322 (2002). Accordingly, the contractual dispute addressed in this motion can, and should, be resolved by the Court on summary judgment.

### B. General Standards for Interpreting Insurance Contracts

Insurance policies must be "liberally construed in favor of a policyholder or beneficiary thereof, whenever possible, and strictly construed against the insurer in order to afford the protection which the insured was endeavoring to secure when he applied for the insurance." *Queen City Farms, Inc. v. Central Nat'l Ins. Co.,* 64 Wn. App. 838, 855, 827 P.2d 1024 (1992), aff'd, 126 Wn.2d 50, 882 P.2d 703 (1994). The purpose of insurance is to insure, and the contract should be construed so as to make it operative rather than inoperative. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.,* 99 Wn.2d 65, 68, 659 P.2d 509 (1983). A construction which contradicts the general purpose of the contract or results in a hardship or absurdity is presumed to be unintended by the parties. *Id.* The terms of an insurance policy are construed as the average person buying insurance would interpret them, and are given a fair and reasonable construction. *Overton,* 145 Wn.2d at 424. Where a policy is ambiguous on an issue, that ambiguity must be construed in favor of the insured. *Panorama Vill. Condo. Owners Bd. of Dirs. v. Allstate Ins. Co.,* 144 Wn.2d 130, 137, 26 P.3d 910 (2001).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 7

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

### C. Under the Efficient Proximate Cause Rule, the Mold Was Fully Covered Because the Dishwasher Leak Was the Proximate Cause of the Entire Claim

It is indisputable that the covered dishwasher leak set mold growth in motion. Liberty Mutual decided that the resulting mold growth was excluded except for $5,000. But this is not how insurance coverage operates in Washington. As the Washington Supreme Court has explained:

> We first judicially adopted the so-called "efficient proximate cause rule" in 1983:
>
> Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the "proximate cause" of the entire loss.
>
> It is the efficient or predominant cause which sets into motion the chain of events producing the loss which is regarded as the proximate cause, not necessarily the last act in a chain of events.

*Allstate Ins. Co. v. Raynor*, 143 Wn.2d 469, 479, 21 P.3d 707, 709 (Wash. 2001) (finding that a murder-suicide was not a covered claim because it was not a proximate cause of a dispute over raising rabbits). The Washington Supreme Court has further explained, "The efficient proximate cause rule applies only where two or more independent forces operate to cause the loss." *Kish v. Ins. Co. of N. Am.*, 125 Wn. 2d 164, 170, 883 P.2d 308, 311 (1994). Here, the covered peril of a dishwasher leak set in motion the mold growth. Accordingly, the leak was the proximate cause of the entire loss, including the mold growth, and that entire loss was fully covered under the contract.

Another way of looking at the efficient proximate cause rule is to examine the "primary" or "predominant" cause of the loss. Some courts have looked to the "primary" cause when applying the efficient proximate cause rule. *See, e.g., Safeco Ins. Co. of Am. v. Hirschmann*, 112

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 8

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

<gt;Wn. 2d 621, 631, 773 P.2d 413, 418 (1989) ("Here, the record unequivocally indicates that the "primary" cause of Hirschmann's loss was the covered perils of wind and rain.") Other decisions have used the term "predominant" cause to articulate the efficient proximate cause rule. *Graham v. Pub. Employees Mut. Ins. Co.*, 98 Wash. 2d 533, 538, 656 P.2d 1077, 1081 (1983) ("It is the efficient or predominant cause which sets into motion the chain of events producing the loss which is regarded as the proximate cause, not necessarily the last act in a chain of events."); *see also, e.g., Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn. 2d 501, 519, 276 P.3d 300, 309 (2012) ("The efficient proximate cause rule applies only when two or more perils combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss.") (finding that coverage for collapse existed despite exclusion for deficient design or faulty workmanship because collapse was the predominant cause of the loss).

Here, the predominant and primary cause of the damage in this matter was the dishwasher leak. That leak was covered and, under the efficient proximate cause rule, the mold caused by that leak was also covered.

### D. The Mold Exclusion Did Not Apply Here Because Washington Law Overrules Contracts that Circumvent the Efficient Proximate Cause Rule

Liberty Mutual may argue that the two exclusions for mold, and the provision providing a limit of $5,000 for mold damage, are sufficient to circumvent the efficient proximate cause rule. But under Washington law, an insurer may not use contractual language to circumvent the efficient proximate cause rule:

> [W]e are presented with the identical question in *Villella:* whether by drafting variations in exclusionary clause language an insurer may circumvent the "efficient proximate cause" rule of *Graham* and deny coverage when a covered peril sets in motion a causal chain the last link of which is an excluded peril. The lesson of *Villella* is that the rule may not be circumvented.

<gt;
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 9

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

*Hirschmann*, 112 Wn. 2d at 627, 773 P.2d at 416. In that case, the Washington Supreme Court found that landslide damage was covered because it was proximately caused by rainfall despite the existence of a contractual exclusion for landslides resulting from a covered loss.[5] Another informative case is *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn. 2d 501, 519, 276 P.3d 300, 309 (2012). In that case, the collapse of a concrete slab caused by faulty workmanship was found to be covered despite the existence of an exclusion for faulty workmanship. Coverage existed because collapse was not an excluded peril.

Under *Hirschmann*, Liberty Mutual was not allowed to circumvent the efficient proximate cause rule by relying on the contractual exclusions for mold. It is indisputable that the dishwasher leak was covered and proximately caused the mold to grow. Accordingly, the mold damage was also covered. The mold exclusions are superseded by the coverage for the leak and the full insurance limit of $429,500 should be applied to the entire loss.

As a matter of law, Liberty Mutual should be found to have breached the insurance contract when it refused to cover more than $5,000 of the mold damage caused by the dishwasher leak.

E.  **To the Extent that Rainbow International Accidentally Exacerbated the Mold Damage, that Was Also Covered**

There is evidence that Rainbow International's attempt to mitigate the mold damage may have exacerbated that damage. Liberty Mutual did not deny coverage on this basis. Liberty

---

[5] *Hirschmann* does not mean that every claim must be covered. For example, Washington law favors the insurer if the proximate cause of the loss is an excluded peril. *Findlay v. United Pac. Ins. Co.*, 129 Wn. 2d 368, 375, 917 P.2d 116, 120 (1996) (distinguishing *Hirchmann* because "[i]n this case, the proximate cause of the loss was a named, excluded peril.")

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 10

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

Mutual agreed that damage caused by Rainbow International was generally covered, but applied the $5,000 limit to the mold damage.

Even if Liberty Mutual were to change its position, and argue that damage accidentally caused by Rainbow International should not be covered, that new position would be incorrect. As discussed above, the insurance contract was an "all risk" contract that covered the risk that a vendor might damage the property while attempting to mitigate the damage of a covered loss. There was no exclusion in the contract for such an event.

## V. CONCLUSION

Washington law precludes attempts by insurers to circumvent the efficient proximate cause rule. This case is a good example of why the efficient proximate cause rule has been established. In general, mold damage is likely to occur whenever there is a severe leak and whenever there is a fire that requires substantial water to extinguish it. If, when purchasing the insurance contract, Plaintiffs had asked their insurance agent whether a dishwasher leak would be covered, the agent would have looked at the contract and told them "yes". But Liberty Mutual has attempted to circumvent that coverage by excluding the mold damage. Here, this circumvention made it impossible for Plaintiffs to move back into their house and ultimately led to a fire that was caused by transients living in the empty house. All of this could have been avoided if Liberty Mutual had fully covered the damage caused by the dishwasher leak.

Under Washington law, the dishwasher leak and mold damage was fully covered. Liberty Mutual breached the contract when it wrongfully denied payment for the full cost of the mold damage.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 11

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

1  DATED this 12th day of May, 2016.

2                            JOEL B. HANSON, ATTORNEY AT LAW, PLLC

4                 /s/ Joel Hanson

5                 Joel B. Hanson, WSBA #40814
                Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDMGENT RE BREACH OF CONTRACT — 12

NO. C16-465 RAJ

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW, SUITE 480
SEATTLE, WA 98043
425.582.5636

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.W. and R.J.T., husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, dba Liberty Mutual<br><br>Defendant. | **NO. CV 16-465 RAJ**<br><br><br>**CERTIFICATE OF SERVICE** |

Under penalty of perjury under the laws of the State of Washington, I declare that on this 12th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with which will send notification of such filing to the following:

John M. Silk, WSBA #15035
Sarah L. Eversole, #36335
Wilson Smith Cochran Dickerson
901 5th Ave., Ste 1700
Seattle, WA 98164
206/623-4100

_____
Sonia Chakalo

CERTIFICATE OF SERVICE — 1