HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.W. and R.J.T.,

    Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

Case No. C16-465 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' R.W. and R.J.T.'s Motion for Partial Summary Judgment Re Breach of Contract (Dkt. # 11). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## II. BACKGROUND

Plaintiffs are the policyholders of a homeowner's insurance agreement with Defendant Liberty Mutual Fire Insurance Company ("Liberty"). Dkt. # 13-3. The policy entitles them to coverage against property damage, but imposes a $5,000 limit on losses caused by mold. Dkt. # 13-3 at 34-35, 56-57.

On March 9, 2014, Plaintiffs discovered that their dishwasher was leaking. Dkt. # 11-1 ¶ 3. They reported the leak to Liberty on March 13. Dkt. # 13-3 at 3. Liberty arranged for a contractor, Rainbow International ("Rainbow"), to provide remediation services. Dkt. # 13-1 at 3. When Rainbow arrived the following day, Plaintiffs signed a

ORDER – 1

work authorization permitting Rainbow to remediate the leak.  Dkt. # 13-4.  Rainbow concluded that the bottom of the dishwasher had rusted out, causing water to seep into parts of the kitchen and the laundry/utility room below.  It used dehumidifiers to extract moisture from the affected areas and removed damaged cabinetry, drywall, and tiling. Dkt. # 13-5.  During this process, Rainbow discovered mold that it believed had predated the dishwasher leak.  *Id.* at 5, 14.  Although Rainbow took steps to remove the mold, its dehumidification efforts exacerbated the problem by dispersing mold spores throughout portions of the house.  Dkt. # 13-2 at 7-8; Dkt. # 13-10 at 3; Dkt. # 13-12 at 2-3.

Liberty covered certain losses caused by the dishwasher leak, but asserted that the portion of losses attributable to mold is contractually limited to $5,000.  Dkt. # 11-3 at 69.  It hired Rimkus Consulting Group, Inc. ("Rimkus") to investigate the mold damage. Rimkus identified ten "moisture sources," only one of which was the dishwasher leak. Dkt. # 13-2 at 5-6 (identifying dishwasher leak as "Moisture Source #1").  Rimkus also identified numerous locations throughout Plaintiffs' home that exhibited signs of mold growth and, for each location, offered an opinion as to the cause.  *Id.* at 5-8.  It opined that the dishwasher leak had caused mold to grow in the kitchen and the laundry/utility room, as well as "a small portion of the closet in bedroom #4."  *Id.* at 5.  According to Rimkus' report, however, the dishwasher leak was not entirely to blame.  In bedroom #4, a considerable portion of the mold was attributable to "exterior moisture intrusion."  *Id.* (identifying exterior moisture intrusion as "Moisture Source #2").  The same was true for the laundry/utility room.  *Id.* at 15.  As for Rainbow's role in causing the problem, Rimkus confirmed that Rainbow's remediation work had exacerbated the issue, but in a later report, emphasized that it was not solely at fault.  Dkt. # 13-12 at 7 ("[W]e disagree that Rainbow's work was solely responsible for all fungal contamination within the subject home.  As previously mentioned, the home was plagued by numerous sources of historic and ongoing moisture intrusion, none of which have been addressed except for the dishwasher leak.").

ORDER – 2

1   Liberty hired a contractor, Paul Davis Restoration ("Paul Davis"), to estimate the
2   cost of remediating the mold problem. Dkt. # 13-8. According to Paul Davis, it would
3   cost $4,252.79 to remove the mold growing in the kitchen and laundry/utility room and
4   $1291.35 for the mold in bedroom #4.[1] *Id.* at 2, 5-9, 16-17. Remediating the mold
5   throughout the remainder of the house would cost nearly $40,000. *Id.* at 2. Liberty
6   advised Plaintiffs that the mold damage to the kitchen and laundry/utility room was
7   covered under their policy, but that this damage was subject to a limit of $5,000. *Id.* It
8   paid this amount. *Id.*

   On March 16, 2015, Plaintiffs filed the instant action in state court alleging claims against Liberty for: (1) breach of contract; (2) violation of the Washington Consumer Protection Act; (3) the tort of insurance bad faith; (4) and violation of the Washington Insurance Fair Conduct Act. Dkt. # 1-1 at 7-8. The action was then removed to this Court. Dkt. # 1. Plaintiffs have since filed a motion for partial summary judgment. Dkt. # 11. They contend there is no genuine dispute as to any material fact concerning Liberty's liability for breach of contract. Liberty opposes the motion. Dkt. # 12.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the moving party meets the initial burden, the opposing party must set forth specific facts showing

---

[1] Plaintiffs assert that the estimated cost of remediating bedroom #4 was $1,144. Dkt. # 14 (citing report of Paul Davis). They calculate this figure by adding certain itemized costs pertaining to bedroom #4. In doing so, however, Plaintiffs ignore that the report of Paul Davis includes a separate itemization of the costs required to remediate the closet.

ORDER – 3

1  that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v.
2  Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the
3  light most favorable to the nonmoving party and draw all reasonable inferences in that
4  party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV.  DISCUSSION

Plaintiffs contend that summary judgment should be granted on their claim for breach of contract. In their view, the evidence indisputably shows the dishwasher leak caused more than $5,000 in mold damage. Relying upon this characterization of the evidence, Plaintiffs argue that Liberty's denial of coverage for mold damage exceeding $5,000 breached the insurance agreement because it violated the "efficient proximate cause" rule of insurance law.[2]

Washington follows the "efficient proximate cause" rule in analyzing coverage. Efficient proximate cause is the "predominant cause which sets into motion the chain of events producing the loss." *Graham v. Pub. Employees Mut. Ins. Co.*, 656 P.2d 1077, 1081 (Wash. 1983). "If the efficient proximate cause of the loss is insured against, the loss is covered even though other events within the chain of causation are excluded from coverage." *Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182, 1187 (W.D. Wash. 2002). Whether a particular peril constitutes the efficient proximate cause of a loss is a question of fact. *Graham*, 656 P.2d at 1081. "[O]nly when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court." *Id.*

The Court cannot resolve Plaintiffs' breach of contract claim on summary judgment because it is a genuinely disputed issue whether the dishwasher leak was the efficient proximate cause of more than $5,000 in mold damage.[3] According to Rimkus,

---

[2] As emphasized in their Reply, "Plaintiffs are not arguing that Liberty Mutual should have covered any pre-existing mold that was unrelated to the dishwasher leak." Dkt. # 14 at 2.

[3] Plaintiffs, however, are correct that Liberty cannot use the $5,000 policy limit on mold

ORDER – 4

the dishwasher leak caused mold to grow in three locations: (1) the kitchen; (2) the laundry/utility room; and (3) bedroom #4. Dkt. # 13-2 at 5, 15. But the dishwasher leak was only partially to blame for the mold problem in the laundry/utility room and bedroom #4. *Id.* at 15. The mold in those rooms was also attributable to exterior moisture that had seeped through the walls. *Id.* According to the estimate provided by Paul Davis, the combined cost of repairing the kitchen and laundry/utility room was $4,252.79. Dkt. # 13-8 at 2, 5-9. At this stage, it is impossible to apportion which of those losses were predominantly caused by the dishwasher leak as opposed to the intrusion of exterior moisture. That is a task for the factfinder. The same goes for bedroom #4. Paul Davis estimated that it would cost $1291.35 to remediate bedroom #4, *id.* at 17, but there is evidence that the mold damage caused by the dishwasher leak was limited to the closet, Dkt. # 13-8 at 15. In fact, the report of Paul Davis indicates that remediating the closet would cost only $146.10. Dkt. # 13-8 at 17.

As for Rainbow's detrimental remediation efforts, there is no undisputed evidence establishing the extent to which their involvement contributed to the growth of mold in Plaintiffs' home. Although Liberty stated in a letter to Plaintiffs that Rainbow was responsible for spreading mold to the kitchen and laundry/utility room, Dkt. # 10 at 3, this does not change Rimkus' conclusion there were additional causes for the mold in those rooms. In any event, even Plaintiffs acknowledge it is "arguable" whether Rainbow's exacerbation of the mold problem is a "third force" in the chain of events linking the dishwasher leak to the mold damage. Dkt. # 14 at 8. Because there are genuinely disputed issues of material fact whether the dishwasher leak was the efficient proximate cause of more than $5,000 in losses, Plaintiffs are not entitled to summary judgment on their claim for breach of contract.

//

---

damage to circumvent the efficient proximate cause rule. Under that rule, Liberty must cover any losses that were predominantly caused by the dishwasher leak.

ORDER – 5

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment Re Breach of Contract (Dkt. # 11).

DATED this 26th day of September, 2016.

						_____
						The Honorable Richard A. Jones
						United States District Judge

ORDER – 6