HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.W. and R.J.T.,

          Plaintiffs,

      v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

          Defendant.

Case No. C16-465 RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs R.W. and R.J.T.'s Motion to Compel.  Dkt. # 16.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

## II. BACKGROUND

In this discovery dispute, Plaintiffs seek the production of documents reflecting the relationship between Defendant Liberty Mutual Fire Insurance Company ("Liberty") and Rainbow International ("Rainbow"), a contractor whom Liberty hired to remediate a leaking dishwasher in Plaintiffs' home.  In Plaintiffs' view, these documents are relevant because Rainbow, under the control of Liberty, failed to mitigate the damage to their home.  Dkt. # 16 at 2.  Liberty resisted disclosing these documents because of a confidentiality agreement with Rainbow that limits the disclosure of certain information to third parties.  *Id.* at 1.  According to Plaintiffs, Liberty agreed to produce the

ORDER – 1

documents if they agreed to sign a stipulated confidentiality order and to "allow certain sensitive information to be redacted if it was irrelevant to Plaintiffs' case." *Id.* at 2. Although they "agreed" and "signed that stipulated protective order," Liberty still declined to produce the documents. *Id.* The parties disagree as to Liberty's rationale for withholding the documents. The record, however, indicates that Liberty was still in the process of securing Rainbow's approval to disclose. Dkt. # 20 at 3.

Since Plaintiffs filed the instant motion, Liberty has produced documents within the scope of Plaintiffs' request. Dkt. # 20-1 at 8. These documents contain redactions that conceal (1) pricing information about the service contract between Liberty and Rainbow and (2) information about the remedies available to Liberty in the event that Rainbow fails to properly perform its duties under the contract. Dkt. # 25 at 2-3.

Now, in their reply brief, Plaintiffs contend that Liberty should be compelled to produce unredacted copies of the responsive documents. They maintain that the concealed information will support their argument that Rainbow performed substandard work as a consequence of charging reduced prices and facing lesser repercussions due to Liberty's limited contractual remedies. *Id.*

## III.   LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). The legal basis for a motion to compel the production of documents is Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37, "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court is precluded from awarding expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the

ORDER – 2

opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*

## IV. DISCUSSION

### A.    Redacted Information

Plaintiffs contend that Liberty should be compelled to reproduce the documents in their unredacted form.  The problem with this argument is that they admit to having agreed to receive redacted documents:

> Initially, Liberty Mutual's counsel agreed the documents were discoverable and that they would recommend their production.  The only caveat was that Liberty Mutual requested that Plaintiffs first sign a stipulated protective order on confidentiality and allow certain sensitive information to be redacted if it was irrelevant to Plaintiffs' case.  Plaintiffs agreed and signed that stipulated protective order.

Dkt. # 16 at 2.  What Plaintiffs now dispute is Liberty's contention that the redacted information is "irrelevant."  But Liberty has not had an opportunity to substantiate its claim of irrelevance because Plaintiffs' raise this challenge in their reply brief.  Dkt. # 19 at 5.[1]

In its opposition brief, Liberty asserts that it should have the opportunity to discuss with Rainbow whether it will agree to the production of unredacted documents.  The Court agrees.  Accordingly, the Court orders Liberty to take the action it believes Plaintiffs have precluded it from taking by challenging the redactions in their reply brief.

### B.    Reasonable Expenses

Because the documents were produced "after the motion was filed," Plaintiffs contend that they are entitled to fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).  The Court, however, is precluded from awarding expenses in certain circumstances, including where a party's nondisclosure was "substantially justified" or an award of expenses would be "unjust."  *Id.*  Here, Liberty's reason for delay in producing the documents was that they

---

[1] Nevertheless, Liberty's apparent position, as evidenced by the parties' recently-filed joint status report, is that the redacted information cannot be produced because it is subject to a confidentiality agreement with Rainbow.  Dkt. # 41 at 1.

ORDER – 3

are subject to a confidentiality agreement with Rainbow.  Considering these circumstances, the Court declines to award expenses.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.  Within **seven (7) days** from the date of this Order, Liberty is **ORDERED** to file a surreply addressing the issues it contends to have been precluded from raising in its opposition.

DATED this 17th day of January, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4